1

2

3                    UNITED STATES DISTRICT COURT

4                    NORTHERN DISTRICT OF CALIFORNIA

5

6    JAMILAH TALIBAH ABDUL-HAQQ,              Case No.  16-cv-05454-PJH

            Plaintiff,
7
                                             **ORDER DISMISSING COMPLAINT**
         v.                                  **WITH LEAVE TO AMEND**
8
                                             Re: Dkt. Nos. 16, 17,18
9    KAISER EMERGENCY IN SAN
     LEANDRO,
10          Defendant.

11

12        Before the court is defendants' motion to dismiss pro se plaintiff Abdul-Haqq's

13   complaint.  Dkt. 16.  The court finds that the matter is suitable for decision without oral

14   argument.  Accordingly, the hearing set for February 15, 2016 is VACATED.  Having read

15   the parties' papers and carefully considered their arguments and the relevant legal

16   authority, and good cause appearing, the court hereby DISMISSES the complaint, but

17   grants Abdul-Haqq leave to file an amended complaint.

18                              **BACKGROUND**

19   **A.    The Prior Related Case**

20        This is an employment discrimination dispute.  In a prior related case, Abdul-Haqq

21   v. Kaiser Found. Hosps. et al., No. 4:14-cv-04140-PJH, Abdul-Haqq sued Kaiser

22   Foundation Hospitals and The Permanente Medical Group for, inter alia, racial

23   discrimination under Title VII of the Civil Rights Act ("Title VII"), harassment, disability

24   discrimination under the Americans with Disabilities Act ("the ADA"), failure to engage in

25   the interactive process under the California Fair Employment and Housing Act ("FEHA"),

26   and intentional infliction of emotional distress.  On January 23, 2015, after a hearing, the

27   court granted a motion to dismiss Abdul-Haqq's first amended complaint, with leave to

28   amend.  No. 14-4140 Dkt. 50.  The court found that plaintiff had not properly pleaded

United States District Court
Northern District of California

1  exhaustion of her administrative remedies as to the Title VII, FEHA, and ADA claims, and

2  that plaintiff failed to state a claim as to her other causes of action.  Id.  On April 10, 2015,

3  the court granted a motion to dismiss the second amended complaint, based on a lack of

4  exhaustion and failure to state a cognizable claim.  No. 14-4140 Dkt. 68.  Abdul-Haqq

5  appealed the decision, and the Ninth Circuit affirmed on October 4, 2016.  No. 14-4140

6  Dkt. 80.

7  **B.    The Complaint's Allegations**

8         The complaint in this matter was filed on September 23, 2016.  Dkt. 1.  Plaintiff

9  has captioned the defendants as "Kaiser Emergency in San Leandro, a part of The

10 Permanente Medical Group," but the real parties in interest are Kaiser Foundation

11 Hospitals and The Permanente Medical Group (collectively, "defendants").  Plaintiff's

12 allegations are similar to her earlier complaint, but the new complaint focuses on more

13 recent events in her workplace.  The alleged incidents largely occurred in Kaiser

14 Permanente's San Leandro emergency department.

15        Abdul-Haqq asserts eight causes of action:  (1) disability discrimination; (2)

16 harassment for having a disability; (3) intentional infliction of emotional distress; (4) failure

17 to prevent harassment; (5) failure to prevent discrimination; (6) unauthorized video and

18 audio recording; (7) retaliation for whistleblowing; and (8) racial discrimination.  Two of

19 these claims—failure to prevent discrimination and racial discrimination—are referenced

20 only in the case caption, but not actually alleged in the body of the complaint.  The

21 complaint is generally vague, conclusory, unclear and devoid of specific names,

22 incidents, dates, and events.  The bulk of the factual allegations seem to be directed to

23 the disability discrimination and harassment claims.

24        Abdul-Haqq's complaint describes herself as a victim of "deceptive management

25 practices [occurring] consistently through her employment."  Compl. ¶ 11.  Abdul-Haqq

26 has an anxiety disorder, and in January 2015 she informed her employers of unspecified

27 "triggers" that exacerbate her anxiety.  Compl. ¶¶ 13, 20.  This information also included

28 her "functional limitations," and that Abdul-Haqq is "uncomfortable with her ex-Assistant

United States District Court
Northern District of California

2

1   Nurse Manager Treye Gaustand."  Compl. ¶ 21.

2       Plaintiff alleges that defendants have failed to take her triggers into consideration

3   and to accommodate her disability.  Compl. ¶ 14.  On the contrary, defendants have

4   "made sure" that plaintiff experiences "all triggers that cause her anxiety."  Compl. ¶ 32.

5   In particular, Abdul-Haqq has requested "effective communication with her managers."

6   Compl. ¶ 16.  However, this request was not resolved, forcing plaintiff to file a workers'

7   compensation claim.  Compl. ¶ 17.  Ignoring plaintiff's "functional limitations" decreases

8   her ability to "communicate effectively."  Compl. ¶ 22.  Plaintiff further alleges that

9   "doctors and other staff" were "verbally aggressive" to her in 2015.  Compl. ¶ 23.

10  Defendants continue to "ignore" her "complaints of mistreatment by doctors and

11  deceptive managerial practices."  Id.

12      Plaintiff alleges that defendants have also made "false allegations" against her,

13  placed her on a work schedule without confirming it with her, refused to pay her for FMLA

14  leave, and sought to "sabotage" her nursing career and employment.  Compl. ¶ 24.

15  These actions exacerbated her disability.  Compl. ¶ 25.

16      In December 2015 and March 2016, plaintiff again "gave details" to defendants of

17  what she needed to prevent triggers of her anxiety.  Compl. ¶ 32.  Defendants denied her

18  requests and refused to put the denial of her requests in writing.  Compl. ¶ 33.  Plaintiff

19  describes the emergency room as "chaotic," but states that the environment itself does

20  not cause her symptoms; rather, it is the "deceptive managerial practices" that are the

21  problem.  Compl. ¶ 30.

22      To support her emotional distress claim, Abdul-Haqq argues that defendants were

23  "on notice" that she "was experiencing exacerbating of symptoms."  Compl. ¶ 35.  Abdul-

24  Haqq made a request to them "five times" to have "all topics" for any meeting "in writing

25  and emailed" in advance, to no avail.  Id.  The result was that Abdul-Haqq could not focus

26  or effectively communicate.  Id.

27      To support her failure to prevent harassment claim, plaintiff describes several

28  doctors who have engaged in "aggressive behavior towards staff."  Compl. ¶¶ 36–37.

United States District Court
Northern District of California

1    Despite the complaints of nurses, defendants have "allowed" these doctors to transfer

2    from Haywood to Fremont, and now San Leandro.  Id.  Abdul-Haqq complained about

3    these doctors to the EEOC and was "warned" that one of the doctors, Dr. Baker, would

4    "make it difficult for her in San Leandro."  Compl. ¶¶ 38–40.  Because Abdul-Haqq

5    reported Dr. Baker and the other doctors, she "was suspended, called in for fact-finding

6    meeting," had concerns raised about her "patient care delivery," and was treated in "an

7    aggressive unprofessional manner."  Compl. ¶ 41.

8         To support her unauthorized recording claim, Abdul-Haqq alleges that "cameras

9    with audio and motion sensing capability are in the facility in areas of expected privacy,"

10   allegedly to "intimidat[e]" the staff.  Compl. ¶ 42.  The cameras are located in "the break

11   room and the patient care areas inside the emergency room."  Id.

12        To support her retaliation for whistleblowing claim, Abdul-Haqq alleges that "in

13   early May" (presumably 2016), she filed a complaint about "continued deceptive

14   managerial practices."  Compl. ¶ 43.  "Now," the same doctors she accused are "writing

15   patient care concerns" about her.  Id.

16   **C.    The Instant Motion to Dismiss and Plaintiff's Reponses**

17        Defendants' motion to dismiss urges that all claims in the complaint must be

18   dismissed for failure to state a claim and/or failure to exhaust administrative remedies.  In

19   the alternative, defendants request that Abdul-Haqq be ordered to provide a more definite

20   statement of her claims pursuant to Federal Rule of Civil Procedure 12(e).  Dkt. 16.

21        Instead of responding to defendant's motion, plaintiff has filed a "Notice of Request

22   for Production of Documents."  Dkt. 17.  This filing appears to be a request for discovery

23   from defendants.  A few days later, plaintiff filed a document captioned "Attention Clerks

24   – Documents in Related Case."  Dkt. 18.  This document "request[s]" that the briefing on

25   the motion to relate the current case to Abdul-Haqq's prior related case be "moved over"

26   or copied to the current case's docket.

27        Plaintiff's "Notice of Request for Production of Documents" (Dkt. 17) is DENIED.

28   Plaintiff cannot seek discovery unless and until she has stated a cognizable claim for

                                          4

1   relief.  As discussed below, she has not yet done so.  Plaintiff's "request" to the Clerk that

2   the briefing on the motion to relate this case to her prior case be "moved over" (Dkt. 18) is

3   also DENIED.  Motions to relate cases are filed and briefed in the lower-numbered case

4   under the Local Rules, see Civ. L.R. 3-12(b), so these papers were properly filed.

**DISCUSSION**

5

6   **A.   Legal Standard**

7        A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests for the

8   legal sufficiency of the claims alleged in the complaint.  Ileto v. Glock, Inc., 349 F.3d

9   1191, 1199–1200 (9th Cir. 2003).  To survive a motion to dismiss for failure to state a

10  claim, a complaint generally must satisfy the requirements of Federal Rule of Civil

11  Procedure 8, which requires that a complaint include a "short and plain statement of the

12  claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).

13       A complaint may be dismissed under Rule 12(b)(6) for failure to state a claim if the

14  plaintiff fails to state a cognizable legal theory, or has not alleged sufficient facts to

15  support a cognizable legal theory.  Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699

16  (9th Cir. 1990).  The court is to "accept all factual allegations in the complaint as true and

17  construe the pleadings in the light most favorable to the nonmoving party."  Outdoor

18  Media Group, Inc. v. City of Beaumont, 506 F.3d 895, 899–900 (9th Cir. 2007).

19       Legally conclusory statements, not supported by actual factual allegations, need

20  not be accepted by the court.  Ashcroft v. Iqbal, 556 U.S. 662, 678–79 (2009).  The

21  allegations in the complaint "must be enough to raise a right to relief above the

22  speculative level."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citations

23  and quotations omitted).  "A claim has facial plausibility when the plaintiff pleads factual

24  content that allows the court to draw the reasonable inference that the defendant is liable

25  for the misconduct alleged."  Iqbal, 556 U.S. at 678 (citation omitted).  "[W]here the well-

26  pleaded facts do not permit the court to infer more than the mere possibility of

27  misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is

28  entitled to relief.'"  Id. at 679.  In the event dismissal is warranted, it is generally without

United States District Court
Northern District of California

1    prejudice, unless it is clear the complaint cannot be saved by any amendment.  See

2    Sparling v. Daou, 411 F.3d 1006, 1013 (9th Cir. 2005).

3            Federal Rule of Civil Procedure 12(e) permits a party to move for a more definite

4    statement when a pleading "is so vague or ambiguous that the party cannot reasonably

5    prepare a response."  Fed. R. Civ. P. 12(e).  "A Rule 12(e) motion is proper only where

6    the complaint is so indefinite that the defendant cannot ascertain the nature of the claim

7    being asserted and therefore cannot reasonably be expected to frame a proper

8    response."  Cal. Police Activities League v. Cal. Police Youth Charities, Inc., No. C 08-

9    1991 PJH, 2009 WL 537091, at *3 (N.D. Cal. Mar. 3, 2009) (quotations omitted).  In such

10   a case, the court may in its discretion "require such detail as may be appropriate in the

11   particular case, and may dismiss the complaint if [the court's] order is violated."  McHenry

12   v. Renne, 84 F.3d 1172, 1179 (9th Cir. 1996).

**B.    Analysis**

14           As an initial matter, the complaint is defective because it fails to make clear the

15   statutory basis for each of the claims.  Instead, Abdul-Haqq only asserts generally that

16   the complaint is brought pursuant to Title VII, the ADA, and FEHA.  Compl. ¶ 1.  As a

17   result, the court is unable to determine whether Abdul-Haqq's claim for "failure to prevent

18   harassment," for example, is premised on Title VII, the ADA, or FEHA, or whether this

19   claim attempts to allege harassment on the basis of disability or on the basis of race.  In

20   any amended complaint, Abdul-Haqq must specifically state the statutory basis or other

21   legal basis for each individual claim.

**1.    Claims 1 and 2: Discrimination and Harassment on the Basis of Disability**

23           Plaintiff's first and second claims allege discrimination and harassment based on

24   her disability.  No specific statutory authority is given for each claim.  Because disability is

25   not a protected class under Title VII, see 42 U.S.C. § 2000e-2(a)(1); Garity v. APWU Nat'l

26   Labor Org., 828 F.3d 848, 853 n.3 (9th Cir. 2016), the court will presume that Abdul-Haqq

27   intended to make a claim either under the ADA and/or FEHA.  The court finds dismissal

28   of both these claims is required because (1) plaintiff has not plausibly pleaded that the

United States District Court
Northern District of California

1    claims are exhausted; and (2) plaintiff fails to allege that she was discriminated against

2    and/or harassed <u>because of</u> her disability.

3          As to the exhaustion issue, Title I of the ADA incorporates the enforcement

4    procedures of Title VII.  29 U.S.C. § 12117(a).  To establish federal subject matter

5    jurisdiction for an ADA employment discrimination claim, a plaintiff must file an

6    administrative charge with the EEOC or other appropriate state agency—such as the

7    California Department of Fair Employment and Housing ("DFEH")—before commencing

8    an action.  42 U.S.C. § 2000e-5(f)(1); <u>Josephs v. Pac. Bell</u>, 443 F.3d 1050, 1061 (9th Cir.

9    2006); <u>B.K.B. v. Maui Police Dep't</u>, 276 F.3d 1091, 1099 (9th Cir. 2002).  If the agency

10   dismisses the charge and issues a right-to-sue letter, a claimant typically has ninety days

11   "after the giving of such notice" to file a civil action against her employer.  42 U.S.C.

12   § 2000e-5(f)(1); <u>Nelmida v. Shelly Eurocars, Inc.</u>, 112 F.3d 380, 383 (9th Cir. 1997).

13   "Allegations of discrimination not included in the plaintiff's administrative charge may not

14   be considered by a federal court unless the new claims are like or reasonably related to

15   the allegations contained in the EEOC charge."  <u>B.K.B.</u>, 276 F.3d at 1100 (quotation

16   omitted).

17         Similarly, under FEHA, employees must exhaust their administrative remedies by

18   filing an administrative complaint with DFEH within one year of the alleged unlawful

19   employment action, and obtain a notice of right to sue.  Cal. Gov't Code § 12960;

20   <u>Romano v. Rockwell Int'l, Inc.</u>, 14 Cal. 4th 479, 492 (1996).  The scope of the written

21   administrative charge "defines the permissible scope of the subsequent civil action."

22   <u>Rodriguez v. Airborne Express</u>, 265 F.3d 890, 897 (9th Cir. 2001).

23         No right-to-sue letter from either the EEOC or DFEH is attached to the complaint.

24   Instead, the complaint alleges in a conclusory fashion that plaintiff has "exhausted" her

25   Title VII and FEHA remedies, and that the EEOC and DFEH "have issued the pertinent

26   Letters of Right to Sue."  Compl. ¶ 2.  There is no allegation, even a conclusory one, that

27   Abdul-Haqq exhausted her ADA claims.

28   ///

United States District Court
Northern District of California

1    Defendants have submitted a May 4, 2016 administrative charge that, to their

2    knowledge, is the only charge filed by Abdul-Haqq since January 2015.  This

3    administrative charge is almost completely devoid of factual detail.  Plaintiff alleges in a

4    conclusory fashion that she was discriminated, retaliated against, and harassed based on

5    "disability, engagement in protected activity, family care of medical leave [and] race."

6    Defs.' Mot. Ex. A.  The only specific fact alleged in the charge is that Abdul-Haqq

7    received a written warning on or about May 3, 2016 for an incident that happened five

8    months ago.

9    Administrative charges must be construed "with utmost liberality since they are

10    made by those unschooled in the technicalities of formal pleading."  Kaplan v. Int'l

11    Alliance of Theatrical & Stage Emps., 525 F.2d 1354, 1359 (9th Cir. 1975).  However,

12    "[t]he crucial element of a charge of discrimination is the factual statement contained

13    therein."  B.K.B., 276 F.3d at 1100.  "In determining whether a plaintiff has exhausted

14    allegations that she did not specify in her administrative charge, it is appropriate to

15    consider such factors as the alleged basis of the discrimination, dates of discriminatory

16    acts specified within the charge, perpetrators of discrimination named in the charge, and

17    any locations at which discrimination is alleged to have occurred."  Id.

18    On the current record, the court cannot find that Abdul-Haqq has sufficiently

19    pleaded exhaustion of her disability discrimination and harassment claims.  These claims

20    must therefore be dismissed for lack of subject matter jurisdiction because they are not

21    "like or reasonably related" to the only administrative charge in the record.  See Freeman

22    v. Oakland Unified Sch. Dist., 291 F.3d 632, 638 (9th Cir. 2002).  However, because

23    plaintiff did not attach her right-to-sue letter(s) to the complaint or substantively respond

24    to the motion to dismiss, the court will grant her leave to file an amended complaint.  The

25    amended complaint must plead exhaustion of all ADA, Title VII and FEHA claims and

26    attach all of the relevant right to sue letter(s).

27    Moreover, even assuming that these claims were exhausted, the complaint does

28    not state a claim for disability discrimination or harassment.  Under both FEHA and the

United States District Court
Northern District of California

8

1    ADA, to prove discrimination based upon a disability, plaintiff must allege that (1) she

2    suffers from a qualifying disability; (2) was qualified for the job, i.e., able to perform its

3    essential functions with reasonable accommodation; and (3) was subjected to an adverse

4    employment action because of her disability.  Brundage v. Hahn, 57 Cal. App. 4th 228,

5    236 (1997); Nunes v. Wal-Mart Stores, Inc., 164 F.3d 1243, 1246 (9th Cir. 1999).

6          Abdul-Haqq's allegations do not plausibly allege these elements.  First, although

7    Abdul-Haqq alleges that she suffers from an anxiety disorder, Compl. ¶ 13, it is not clear

8    from the facts alleged whether this is an "impairment that substantially limits one or more

9    [her] major life activities."  42 U.S.C. § 12102(1)(A).  Second, the complaint does not

10   make clear what particular adverse employment action(s) Abdul-Haqq was subjected to.

11   An "adverse employment action is one that materially affect[s] the compensation, terms,

12   conditions, or privileges . . . of employment."  Davis v. Team Elec. Co., 520 F.3d 1080,

13   1089 (9th Cir. 2008).  Finally, even assuming that some of defendants' alleged actions

14   qualify as adverse employment actions, nowhere is it plausibly alleged that defendants

15   acted because of Abdul-Haqq's disability.

16        **2.  Claim 3: Intentional Infliction of Emotional Distress**

17        Abdul Haqq's third claim is for intentional infliction of emotional distress ("IIED").

18   The elements of IIED in California are (1) extreme and outrageous conduct by the

19   defendant, with (2) the intention of causing, or reckless disregard of the probability of

20   causing, emotional distress, which (3) actually and proximately causes (4) plaintiff's

21   severe or extreme emotional distress.  Christensen v. Superior Court, 54 Cal. 3d 868,

22   903 (1991).

23        Abdul-Haqq's IIED claim is based on a single paragraph in the complaint.  Plaintiff

24   alleges that she requested "five times" that defendants have "all topics" for meetings "in

25   writing and emailed" to her in advance.  Compl. ¶ 35.  Because defendants did not

26   accommodate her request, Abdul-Haqq could not focus or effectively communicate.  Id.

27        Dismissal of this claim is appropriate for two independent reasons.  First, it does

28   not plausibly state a claim for IIED because defendants' alleged behavior was not

United States District Court
Northern District of California

9

1    "extreme and outrageous."  Second, the claim is preempted by California's exclusive

2    workers' compensation remedy because the alleged infliction of emotional distress

3    "occurred at the worksite, in the normal course of the employer-employee relationship."

4    Miklosy v. Regents of Univ. of Cal., 44 Cal. 4th 876, 902 (2008); accord Shoemaker v.

5    Myers, 52 Cal. 3d 1, 15 (1990).  Defendants' denial of pre-meeting emails is conduct

6    occurring at the worksite within the scope of the employment relationship

7        Because amendment would be futile based on the facts alleged in the complaint,

8    this claim is dismissed WITH PREJUDICE.  If plaintiff wishes to include an IIED claim in

9    her amended complaint, it must be based on facts other than defendants' denial of pre-

10   meeting emails, and based on events occurring outside of the normal course of the

11   employer-employee relationship.

12       **3.  Claim 4: Failure to Prevent Harassment on the Basis of Disability**

13       In her fourth claim, plaintiff complains that she was subjected to a "difficult

14   environment" in her employment, including "unprofessional" and "abusive" behavior by

15   certain doctors.  Compl. ¶¶ 36, 40–41.  However, a difficult work environment, standing

16   alone, does not give rise to a cause of action under Title VII, FEHA, or the ADA.  Rather,

17   the alleged harassment must be made based on some protected trait, such as race, sex,

18   or disability.  Oncale v. Sundowner Offshore Servs., Inc., 523 U.S. 75, 80 (1998) ("Title

19   VII does not prohibit all verbal or physical harassment in the workplace; it is directed only

20   at discrimination [because of a protected trait.]") accord Cal. Gov't Code § 12940(j)(1)

21   (FEHA); 42 U.S.C. § 12112(a) (ADA).  It is not clear from the complaint what type of

22   harassment Abdul-Haqq complains of, but because most of plaintiff's allegations concern

23   disability discrimination, the court will presume that Abdul-Haqq intends to make a claim

24   for failure to prevent harassment based on disability under FEHA.

25       Under FEHA, California Government Code § 12940(k) provides that it is an

26   unlawful employment practice for an employer "to fail to take all reasonable steps

27   necessary to prevent discrimination and harassment from occurring."  Cal. Gov't Code

28   § 12940(k).  The California Supreme Court has stated that FEHA "makes it a separate

United States District Court
Northern District of California

10

United States District Court
Northern District of California

1    unlawful employment practice" for an employer to violate § 12940(k).  State Dept. of

2    Health Servs. v. Superior Court, 31 Cal. 4th 1026, 1040 (Cal. 2003).  To state a claim for

3    failure to prevent harassment under FEHA, a plaintiff must allege that (1) she was

4    subjected to discrimination, harassment, or retaliation because of a protected trait; (2) her

5    employer failed to take all reasonable steps to prevent discrimination, harassment or

6    retaliation; and (3) this failure caused plaintiff to suffer injury, damage, loss, or harm.

7    Lelaind v. City & Cnty. of San Francisco, 576 F. Supp. 2d 1079, 1103 (N.D. Cal. 2008);

8    Cal. Gov't Code § 12940(j)(1)–(k).  Of course, there can be no violation of 12940(k)

9    absent a finding of actual discrimination or harassment.  Trujillo v. North County Transit

10   Dist., 63 Cal. App. 4th 280, 283–84 (Cal. Ct. App. 1998) ("[T]here's no logic that says an

11   employee who has not been discriminated against can sue an employer for not

12   preventing discrimination that didn't happen."); accord Tritchler v. Cnty. of Lake, 358 F.3d

13   1150, 1155 (9th Cir. 2003).

14        Plaintiff's fourth claim must be dismissed for the same reasons as the first and

15   second claims.  It is not clear that Abdul-Haqq has exhausted her administrative

16   remedies with respect to this claim, and the complaint does not plausibly allege that she

17   was subjected to harassment because of her disability.

18        **4.  Claims 5 and 8: Failure to Prevent Harassment; Racial Discrimination**

19        Abdul-Haqq does not allege any specific facts in support of these two claims,

20   which are referenced only in the caption of the complaint.  The claims must therefore be

21   dismissed for failure to state a claim.  For the purposes of the potential amended

22   complaint, the court will make it clear to plaintiff the elements that are required to state a

23   claim for racial discrimination or failure to prevent harassment based on race under Title

24   VII and FEHA.  (To the extent that Abdul-Haqq seeks to assert harassment based upon

25   disability, the court has already addressed that possible claim above.)

26        Title VII makes it unlawful for an employer to "discriminate against any individual

27   with respect to" the "terms, conditions, or privileges of employment, because of such

28   individual's race, color, religion, sex, or national origin."  42 U.S.C. § 2000e–2(a).  To

11

United States District Court
Northern District of California

1    establish a prima facie case of discrimination based on race, plaintiff must allege that  (1)

2    she is a member of a protected class; (2) she was qualified for her position and

3    performing her job satisfactorily; (3) she experienced an adverse employment action; and

4    (4) similarly situated individuals outside the protected class were treated more favorably,

5    or other circumstances surrounding the adverse employment action that give rise to an

6    inference of discrimination.  Hawn v. Exec. Jet Mgmt., Inc., 615 F.3d 1151, 1156 (9th Cir.

7    2010).  The elements of a prima facie case for racial discrimination under FEHA are the

8    same as those of Title VII.  See Guz v. Bechtel Nat'l Inc., 24 Cal. 4th 317, 354 (2000);

9    Metoyer v. Chassman, 504 F.3d 919, 941 (9th Cir. 2007).

10           It is not clear whether Abdul-Haqq's "harassment" claims are attempts to assert a

11   claim for a hostile work environment under Title VII, or made under FEHA.  The required

12   elements for a failure to prevent harassment claim under FEHA are discussed above.  If

13   Abdul-Haqq instead seeks to make a claim under Title VII for a hostile work environment,

14   plaintiff must allege that she (1) was subjected to verbal or physical conduct because of a

15   protected trait; (2) that the conduct was unwelcome; and (3) that the conduct was

16   sufficiently severe or pervasive to alter the conditions of her employment and create an

17   abusive work environment.  Manatt v. Bank of Am., 339 F.3d 792, 798 (9th Cir. 2003).

18           If plaintiff wishes to pursue these two claims, her amended complaint must (i) set

19   out any claims for racial discrimination and failure to prevent harassment based on race

20   separately in the body of the compliant; (ii) make clear the specific statutory basis for

21   each of these claims (i.e., Title VII or FEHA); and (iii) allege supporting facts that, if

22   proven, would plausibly establish each of the required elements of the claim.  Plaintiff

23   must additionally plead that these claims have been exhausted.

24           **5.  Claim 6: Unauthorized Video and Audio Recording**

25           Plaintiff's sixth claim is for "unauthorized video and audio recording."  Only a single

26   paragraph of facts is alleged in support of this claim.  Abdul-Haqq alleges that defendants

27   have put cameras in "areas of expected privacy" as an intimidation tactic.  Compl. ¶ 42.

28   Specifically, the alleged cameras are located in "the break room and the patient care

1  areas inside the emergency room."  Id.

2  　　　This claim must be dismissed because plaintiff does not state the legal basis for

3  the claim.  There is no prohibition on unauthorized recording in Title VII, FEHA, or the

4  ADA, so plaintiff has not pleaded any violation of the only statutes that she cites in the

5  complaint.  To the extent that plaintiff wishes to make a claim for unauthorized recording

6  under the common law, the California constitution, or some other law, she must make

7  that clear in her amended complaint.

8  　　　**6.  Claim 7: Retaliation for Whistleblowing**

9  　　　Plaintiff's seventh claim asserts "retaliation for whistleblowing."  Again, it is not

10  clear whether this claim is made under Title VII, the ADA, or FEHA.  To state a prima

11  facie claim for retaliation under Title VII, a plaintiff must allege that (1) she engaged in a

12  protected activity, (2) suffered an adverse employment action, and (3) there was a causal

13  link between the plaintiff's protected activity and the adverse employment action.  Poland

14  v. Chertoff, 494 F.3d 1174, 1179–80 (9th Cir. 2007).  Protected activity includes

15  "oppos[ing] any practice made an unlawful employment practice" under Title VII,

16  including, for example, the filing of a charge of discrimination with the EEOC.  42 U.S.C.

17  § 2000e-3(a).  The elements are the same for retaliation under FEHA.  Yanowitz v.

18  L'Oreal USA, Inc., 36 Cal. 4th 1028, 1042 (2005); Cal. Gov't Code § 12940(h).

19  　　　Plaintiff's failure to identify the specific statutory or other legal basis for this claim is

20  sufficient to require dismissal with leave to amend.  Moreover, plaintiff's complaint does

21  not sufficiently allege retaliation.  As an initial matter, is it not obvious what specific

22  adverse employment action is the subject of the retaliation claim.  Abdul-Haqq appears to

23  rely on the fact that doctors that she complained about "are now writing patient care

24  concerns" about her.  Compl. ¶ 43.  Without more supporting detail, the court is unable to

25  determine whether this action materially affects the conditions of employment.  See

26  Davis, 520 F.3d at 1089.  (Abdul-Haqq also references a "suspension" and "disciplinary

27  action," but supplies no details about what these actions were or even when they

28  occurred.)

United States District Court
Northern District of California

1   Assuming that Abdul-Haqq clarifies the adverse action that she allegedly suffered,

2   she must also allege facts that, if true, make it plausible that the defendants' actions were

3   taken based on protected activity.  The complaint asserts that that the alleged retaliation

4   occurred because plaintiff complained about "continued deceptive managerial practices."

5   Compl. ¶ 43.  It is not clear what, precisely, plaintiff means by this phrase.  If she merely

6   means reporting complaints of "doctor behavior," Compl. ¶ 45—such as doctors being

7   "unprofessional," Compl. ¶¶ 36, 41—then this does not state a retaliation claim because

8   such behavior is not unlawful under Title VII or FEHA.  To state a claim for retaliation,

9   plaintiff must allege that the retaliation occurred as a result of her having engaged in

10  some protected activity, such as filing a complaint of discrimination with the EEOC.

11   Plaintiff must make clear the statutory basis for the retaliation claim in her

12  amended complaint.  If the claim is based on the ADA, Title VII or FEHA, plaintiff must

13  additionally plead that the claim has been exhausted.  In any case, plaintiff must plausibly

14  allege all of the elements of a retaliation claim.

## CONCLUSION

16   For the foregoing reasons, Abdul-Haqq's complaint is DISMISSED with leave to

17  amend.  If plaintiff chooses to file an amended complaint, she must do so by **March 3,**

18  **2017**.  The document must be captioned "First Amended Complaint," and attach the

19  relevant right-to-sue letters.  Defendants shall have 21 days thereafter to answer or

20  otherwise respond to the amended complaint.  No new claims or parties may be added

21  without leave of court or the agreement of defendants.  If defendants respond to the

22  second amended complaint with another motion to dismiss, the court will decide that

23  motion on the papers.

24   **IT IS SO ORDERED.**

25  Dated: February 10, 2017

26

27  _____

28  PHYLLIS J. HAMILTON
   United States District Judge